UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                      Case No. 21-40160

MICHELLE LYNN HOUNSHELL,                                    Chapter 7

        Debtor.                                         Judge Thomas J. Tucker
_____/

**ORDER DENYING CREDITOR SELECT PORTFOLIO SERVICING, INC.'S "MOTION TO SET ASIDE DISCHARGE AS TO 'MORTGAGE ONLY' FOR ENTRY OF REAFFIRMATION AGREEMENT"**

On January 8, 2021, the Debtor filed a voluntary petition for relief under Chapter 7, commencing this case. On April 13, 2021, the Court entered an order granting the Debtor a discharge under 11 U.S.C. § 727 (Docket # 13). On April 14, 2021, Creditor, Select Portfolio Servicing Inc. (the "Creditor") filed (1) a motion entitled "Motion to Set Aside Discharge as to 'Mortgage Only' for Entry of Reaffirmation Agreement" (Docket # 15, the "Motion"); and (2) a stipulation in which Creditor and the Debtor stipulated to, and requested entry of, an order which would "delay the entry of the Discharge Order" until April 26, 2021, and allow them "14 days from [the] date of entry [of the Order] to execute and file [a] reaffirmation agreement" (Docket # 16, the "Stipulation," at ¶ 6).

The Motion will be denied, for the following reasons.

Under 11 U.S.C. § 524(c)(1), a reaffirmation agreement is not enforceable unless it "was made before the granting of the discharge under section 727." The discharge was entered on April 13, 2021, so if a reaffirmation agreement was signed by both the Debtor and the Creditor before that happened, then the parties do not need any relief from the discharge order; they can simply file the reaffirmation agreement.

But if the reaffirmation agreement was not signed by both parties before the discharge order was entered (and the Motion does not say that the Creditor signed a reaffirmation agreement before the discharge order was entered), then there can be no enforceable reaffirmation agreement in this case. An order setting aside the discharge, as the Motion seeks, would not cure this problem. The historical fact is that the discharge was granted on April 13, 2021, and vacating the discharge, in whole or in part, would not change that historical fact and its impact under § 524(c)(1). *See In re Hoffman*, 582 B.R. 181, 183 (Bankr. E.D. Mich. 2018); *In re Vozza*, 569 B.R. 686, 687 (Bankr. E.D. Mich. 2017); *In re Herrera*, 380 B.R. 446, 449-55 (Bankr. W.D. Texas 2007) and cases cited therein.

For these reasons, the Court must deny the Motion.

For similar reasons, the Court will enter a separate order disapproving the Stipulation. In the Stipulation, the parties seek an order that, among other things, delays the entry of the discharge order. That request cannot be granted, because the discharge order was already entered, the day before the Stipulation was filed.

Accordingly,

IT IS ORDERED that the Motion (Docket # 15) is denied.

**Signed on April 20, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**